J. Gordon Gaines, Inc. v. Commissioner.
J. Gordon Gaines, Inc. v. Commissioner
Docket Nos. 24662, 29056.
United States Tax Court
1951 Tax Ct. Memo LEXIS 310; 10 T.C.M. (CCH) 284; T.C.M. (RIA) 51105; March 2, 1951
*310 William Patrick Clyne, Esq., for the petitioner. Norment Custis, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: These consolidated cases involve deficiencies in income tax in the following fiscal years and amounts: Year ended November 30, 1945
$ 922.47
Year ended November 30, 1946
1,045.59
Year ended November 30, 1947
3,191.92
The only issues are: (1) whether the respondent properly disallowed as a deduction in each year part of the salary paid to the secretary-treasurer of petitioner; and (2) whether respondent properly disallowed as deductions part of the traveling, entertainment, and promotional expenses claimed by petitioner in each year. Findings of Fact Petitioner is an Ohio corporation organized in 1933 with offices in Akron, Ohio. Its corporation income tax returns for the fiscal years ended November 30, 1945, 1946, and 1947 were filed with the collector of internal revenue for the 18th district of Ohio, at Cleveland, Ohio. Petitioner is an insurance agency and was the first agency in the United States to write truck insurance on a gross receipts basis. This type of insurance could *311 be canceled on 30 days' notice, was highly competitive during the taxable years, and furnished the most lucrative portion of petitioner's business. Most of petitioner's insurance sales were made in its home territory around Akron, but it also sold truck insurance policies over a large portion of the United States from Kansas to the east coast. It had about 50 employees, some on a commission basis. The services furnished by petitioner to its insured were of the highest order. In getting and holding business petitioner was exceptionally active and enterprising and large sums were ordinarily and necessarily spent on sales campaigns, business travel, and promotion, including entertainment. J. Gordon Gaines was president and principal stockholder of petitioner during the taxable years and Hilda Gaines, his wife, was secretary-treasurer. They were married in 1934 and together they owned all but one share of petitioner's outstanding stock. J. Gordon has been in the insurance business since 1929. He started his own business in 1933, is the "star salesman" of petitioner and as such does not take care of "paper work" or do any of the actual underwriting. Hilda has been in the insurance *312 business since 1921 and is exceptionally well versed in all of its phases. In 1933 and 1934 she supervised preparation of statistical data for a new plan of writing truck insurance and as a result petitioner began in 1934 to write truck insurance on a gross receipts basis, a plan not previously recognized by existing insurance manuals. In the taxable years, as before, Hilda also did underwriting, sold insurance, wrote special policies, special endorsements, and held powers of attorney for signing policies for insurance companies. She supervised and helped plan advertising campaigns. She trained office personnel, supervised accounting, handled customers and the general office. Hilda also took an important part in maintaining contacts with customers and in their entertainment. A schedule of salaries paid some of the principal officers and employees of petitioner follows: Name
1945
1946
1947
J. Gordon Gaines, President
$26,000.00
$26,000.00
$26,000.00
Phillip Gaines, Vice President
10,000.00
12,000.00
15,000.00
Hilda Gaines, Secretary-Treasurer
10,000.00
10,000.00
9,999.99
John Spiegal, Underwriter
5,941.57
7,429.71
10,808.04
Henry Van Doren, Publicity Head
5,002.71
5,581.35
6,763.42
*313 For the above years respondent approved all salaries, except Hilda's of which he disallowed $2,000 in 1945, $2,000 in 1946, and $1,999.99 in 1947. The salary paid Hilda in the years 1945, 1946, and 1947 was reasonable compensation for services actually rendered. The truck insurance business is a highly competitive one and it is ordinary and necessary in order to develop and retain customers for persons engaged in selling such insurance to attend trucking association conventions and to do extensive entertaining. J. Gordon charged petitioner for travel and entertainment expenses. Among the expenses paid by petitioner in 1945 was the cost of tickets to the Kentucky Derby for J. Gordon and four others amounting to $72, and a trip to Canada taken by J. Gordon with a potential customer, costing $385. The Canadian trip was taken for the purpose of producing business, did produce business, and was a reasonable charge. J. Gordon and Hilda have attended for business purposes all of the trucking association conventions, except two. In 1947 they attended such a convention in California. At these conventions, including the one in California, they were active entertainers. This produced *314 business. The amounts paid by petitioner for travel and entertainment expenses incident to those conventions were reasonable, ordinary and necessary to petitioner's business. In each year, 1945 through 1947, J. Gordon and Hilda have spent approximately two months in Florida at petitioner's expense. One of the purposes in going to Florida was to entertain customers. The representatives of trucking agencies were always advised when the Gaineses would be in Florida and customers and potential customers took full advantage of lunches, bathing, shopping, and other entertainment facilities offered to them by the Gaineses during their stay. Some insurance was sold by petitioner directly attributable to this entertainment. Part of the expense of the Florida and California trips was not charged to petitioner. J. Gordon and Hilda each spent small sums of money in addition to the expense accounts submitted to petitioner. J. Gordon's method of financing his travel and entertainment expenses was to write personal checks while he was away from Akron and he was reimbursed by petitioner when he returned to Akron. Sometimes he would get an advance of $1,000 from petitioner before leaving on a *315 trip. As a general rule he did not prepare expense vouchers until he returned home, but he did keep notes of expenditures. The expense vouchers were not itemized or detailed. Of the amounts expended by petitioner as travel and entertainment expenses of J. Gordon and Hilda in connection with the Florida trips, $2,000 in each of the years 1945 through 1947 were ordinary and necessary business expenses. Opinion The questions raised here are essentially questions of fact. The applicable section of the Internal Revenue Code is set out in the margin. [1] Respondent's disallowance places the burden on petitioner of establishing the reasonableness of Hilda's compensation. We think this burden has been fully met. The facts establish that Hilda was a thoroughly qualified insurance agency executive. She was a talented business woman whose services to petitioner were extremely important and well worth the $10,00 annual salary paid her by petitioner. Respondent's disallowance of part of the claimed compensation was improper. *316 On the other hand, on the travel and entertainment issues, petitioner has not convinced us that all the claimed amounts were proper. For instance, there was no connection established between petitioner's business and the expenses of attending the Kentucky Derby. This item was properly disallowed. Nor are we satisfied that the full amounts claimed for the Florida trips were ordinary and necessary business expenses of petitioner. However, we have no doubt that a substantial portion of the amounts claimed was expended for business purposes, and applying the principle of , we have found that $2,000 in each of the years in question should have been allowed by respondent. The other items claimed, i.e., the expenses of the Canada trip in 1945 and the California trip in 1947 to attend the trucking association convention were proper business expenses in those years and should have been allowed in full. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or business expenses. - (A) In general. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩